IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


LETICIA R. F.,[1]                          3:18-cv-00630-BR

            Plaintiff,                     OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

            Defendant.


**JAMIE M. EVANS**
Evans & Evans, PC
610 S.W. Broadway, Suite 405
Portland, OR  97205
(503) 200-2723

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

────────────────────

        [1] In the interest of privacy this Opinion uses only the
first name and the initial of the last name of the non-
governmental party in this case.  Where applicable, this Opinion
uses the same designation for the nongovernmental party's
immediate family member.


1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MARTHA A. BODEN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3710

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Leticia R. F. seeks judicial review of the final decision of the Commissioner of the Social Security Administration in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings.

## ADMINISTRATIVE HISTORY

On October 30, 2014, Plaintiff protectively filed her

application for DIB benefits.  Tr. 39, 169-70.[2]  Plaintiff

alleges a disability onset date of September 10, 2010.  Tr. 39,

169.  Plaintiff's application was denied initially and on

reconsideration.  An Administrative Law Judge (ALJ) held a

hearing on March 9, 2017.  Tr. 39, 59-76.  Plaintiff and a

vocational expert (VE) testified at the hearing.  Plaintiff was

represented by an attorney at the hearing.

On May 2, 2017, the ALJ issued an opinion in which he found

Plaintiff is not disabled and, therefore, is not entitled to

benefits.  Tr. 39-51.  Plaintiff requested review by the Appeals

Council.  On February 9, 2018, the Appeals Council denied

Plaintiff's request to review the ALJ's decision, and the ALJ's

decision became the final decision of the Commissioner.

Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On April 13, 2018, Plaintiff filed a Complaint in this

Court seeking review of the Commissioner's decision.


**BACKGROUND**

Plaintiff was born on August 11, 1964.  Tr. 169.  Plaintiff

was forty-six years old on her alleged disability onset date.

---

[2] Citations to the official transcript of record filed by
the Commissioner on August 30, 2018, are referred to as "Tr."

Plaintiff has more than a high-school education.  Tr. 66.

Plaintiff has past relevant work experience as a data-entry

clerk and accounting clerk.  Tr. 50.

Plaintiff alleges disability due to fibromyalgia, psoriatic

arthritis, bilateral neuropathy in her legs and feet, low lumbar

pain, edema, myofascial pain dysfunction syndrome, and upper

back and neck pain.  Tr. 77.

Except as noted, Plaintiff does not challenge the ALJ's

summary of the medical evidence.  After carefully reviewing the

medical records, this Court adopts the ALJ's summary of the

medical evidence.  *See* Tr. 41-49.


## STANDARDS

The initial burden of proof rests on the claimant to

establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110

(9th Cir. 2012).  To meet this burden, a claimant must

demonstrate her inability "to engage in any substantial gainful

activity by reason of any medically determinable physical or

mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months."  42

U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when

there is ambiguous evidence or when the record is inadequate to

allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the

Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. § 404.1520(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 404.1509, 404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R.

§ 404.1520(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The

criteria for the listed impairments, known as Listings, are

enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed

Impairments).

If the Commissioner proceeds beyond Step Three, she must

assess the claimant's residual functional capacity (RFC).  The

claimant's RFC is an assessment of the sustained, work-related

physical and mental activities the claimant can still do on a

regular and continuing basis despite her limitations.  20 C.F.R.

§ 404.1520(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A

'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule."  SSR 96-8p, at *1.  In other

words, the Social Security Act does not require complete

incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*,

659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885

F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform

work she has done in the past.  20 C.F.R. § 404.1520(a)(4)(iv).

*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine

whether the claimant is able to do any other work that exists in

the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  *See also*

*Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the

Commissioner to show a significant number of jobs exist in the

national economy that the claimant can perform.  *Lockwood v.*

*Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

The Commissioner may satisfy this burden through the testimony

of a VE or by reference to the Medical-Vocational Guidelines (or

the grids) set forth in the regulations at 20 C.F.R. part 404,

subpart P, appendix 2.  If the Commissioner meets this burden,

the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1).


## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in

substantial gainful activity beginning September 10, 2010,

Plaintiff's alleged disability onset date, through December 31,

2014, the date she was last insured.  Tr. 41.

At Step Two the ALJ found Plaintiff has the severe

impairments of osteoarthritis/psoriatic arthritis, borderline

obesity, and a history of lower-extremity edema and neuropathy.

Tr. 41.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments do not meet or medically equal one of

the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 43. The ALJ found Plaintiff has the RFC to perform sedentary work with the following limitations: only occasional balancing, crawling, kneeling, stooping, crouching, or climbing; inability to use her lower extremities for any pushing and pulling activities (*i.e.*, unable to operate foot pedals); and avoid exposure to vibrations, moving machinery, unprotected heights, and similar hazards. Tr. 45.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as a data-entry clerk and accounting clerk. Tr. 50.

Accordingly, the ALJ found Plaintiff is not disabled. Tr. 50-51.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to obtain and to consider her medical records for the period September 2010 through July 2012 related to Plaintiff's alleged disability; (2) failed to discount properly Plaintiff's symptom testimony by providing clear and convincing reasons supported by substantial evidence in the record for doing so; and (3) failed to consider properly the lay-witness statements of Plaintiff's

husband.  Plaintiff also contends the Appeals Council should have
remanded Plaintiff's claim to the ALJ for reconsideration in
light of the new evidence that Plaintiff submitted to the
Appeals Council.

**I.    The ALJ erred by failing to obtain and to consider
       medical records from September 2010 to July 2012 related
       to Plaintiff's alleged period of disability and did not
       give proper weight to the opinions of Plaintiff's treating
       physicians.**

Plaintiff contends the ALJ failed to obtain and to consider
relevant medical records from Mollie Thompson, M.D., Plaintiff's
treating rheumatologist, and Ryan Fisher, D.C., Plaintiff's
treating chiropractor, related to Plaintiff's treatment from
September 2010 through July 2012 before determining that
Plaintiff is not disabled.  Plaintiff also contends the ALJ
improperly gave little weight to the opinions of Plaintiff's
treating physicians.

The Commissioner contends, however, the ALJ's development
of the record was reasonable, that the ALJ properly weighted the
opinions of Plaintiff's treating physicians, and that the ALJ's
determination that Plaintiff is not disabled was correct.

**A.    Medical Records**

**1.    Standards**

The ALJ must obtain the claimant's "complete medical

history for at least the 12 months preceding" the claimant's application date for benefits "unless there is a reason to believe that development of an earlier period is necessary." 20 C.F.R. § 404.1512(b)(1). The ALJ also must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

## 2. Analysis

As noted, Plaintiff alleged a disability onset date of September 10, 2010. Tr. 39. Plaintiff, however, provided the ALJ with information regarding her treatment by medical providers dating back to 2009. Tr. 200-10. Plaintiff specifically indicated Dr. Fisher began treating her in January 2009 and Dr. Thompson began treating her in December 2011. Tr. 202, 209. Plaintiff contends the doctors' diagnoses, treatments, and evaluations of Plaintiff during that period support her allegations regarding her symptoms, pains, and limitations and her husband's testimony regarding Plaintiff's limitations.

The Social Security Administration, however, only requested records from providers beginning from July 2012 through December 2014. Tr. 295, 343, 447, 452, 458, 467, 488. After reviewing the records obtained, the ALJ stated:

> [Plaintiff's] date last insured is December 31,
> 2014. Accordingly, the period at issue in this
> decision is from September 10, 2010 (alleged onset
> date) through December 31, 2014.

Tr. 47. The ALJ concluded:

> The medical record does not support the severity of
> [Plaintiff's] alleged physical limitations. *The
> record contains no evidence dated prior to July 10,
> 2012. Accordingly, there is no medical evidence
> concerning [Plaintiff's] alleged impairments from
> September 10, 2010, through July 9, 2012.*

*Id.* (emphasis added). Thus, the ALJ found the period of disability

was from September 2010 through December 2014 despite the fact that

the records before the ALJ were only from July 2012 through

December 2014 and the ALJ did not cite to any record before 2012 to

support his findings.

Based on this record the Court concludes the ALJ erred

because he did not obtain nor review Plaintiff's medical records

dated before July 2012 relating to Plaintiff's period of alleged

disability.

B.   **Medical Opinions**

1.   **Standards**

"In disability benefits cases . . . physicians may

render medical, clinical opinions, or they may render opinions

on the ultimate issue of disability — the claimant's ability to

perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir.

2014). "In conjunction with the relevant regulations, [courts]

have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* Although the opinion of a treating physician is entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a nonexamining physician. *Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining physician's testimony depends 'on the degree to which [he] provide[s] supporting explanations for [his] opinions.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* When a treating or

examining physician's opinion is contradicted, it still is owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

### 2.  Analysis

As noted, the ALJ did not mention nor discuss Dr. Fisher's 2009 treatment records nor did he address Dr. Fisher's November 2014 opinion that Plaintiff's impairments affected her ability to sit, to stand, and to carry and to handle objects. Tr. 345.  Similarly, the ALJ did not evaluate Dr. Thompson's records dated from 2011 that included her examination, diagnosis, and treatment of Plaintiff and Plaintiff's report of symptoms.  As noted, the opinions of Drs. Thompson and Fisher, Plaintiff's treating physicians, are entitled to great weight, and the ALJ may only reject them by providing specific and legitimate reasons that are supported by substantial evidence in the record.  *Ryan*

*v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

In support of his determination that Plaintiff is not disabled, the ALJ cited only to the 2015 medical opinions of Martin Kehrli, M.D., and Peter Bernardo, M.D., state-agency consultants who merely reviewed the limited medical records before the ALJ. The ALJ gave the opinions of Dr. Kehrli and Dr. Bernardo "some weight" on the ground that they had reviewed the records from treating sources even though they did not have the opportunity to review recent medical records nor to review Plaintiff's medical records that pre-dated 2012. Tr. 48. Based on the nonexamining opinions of Drs. Kehrli and Bernardo, the ALJ found Plaintiff had some physical limitations in her ability to lift, to carry, to stand, to sit, and to walk during an eight-hour workday. Tr. 48.

As noted, the opinions of Drs. Thompson and Fisher, Plaintiff's treating physicians, are entitled to great weight, and the ALJ may only reject them by providing specific and legitimate reasons that are supported by substantial evidence in the record. *Ryan,* 528 F.3d at 1198.

Based on this record the Court concludes the ALJ erred by relying on the opinions of nonexamining physicians and failing to provide legally sufficient reasons supported by the record for failing to give "great weight" to the opinions of Plaintiff's treating physicians.

**II.  Evidence submitted by Plaintiff to the Appeals Council
should also be considered by the ALJ on remand.**

Plaintiff also contends evidence submitted to the Appeals
Council with her request for reconsideration demonstrates
Plaintiff has functional limitations that preclude working, and
the Appeals Council should have remanded this matter to the ALJ
to reconsider his decision in light of this evidence.

The Commissioner, in turn, contends the evidence submitted
to the Appeals Council did not undermine the ALJ's decision,
and, therefore, the Appeals Council properly declined to remand
this matter to the ALJ for consideration of that evidence.

**A.  Standards**

The district court does not have jurisdiction to
review a decision of the Appeals Council denying a request for
review of an ALJ's decision because the Appeals Council decision
is not a final agency action.  *Taylor v. Comm'r of Soc. Sec.
Admin.*, 659 F.3d 1228, 1231 (9th Cir. 2011).  When, however, a
claimant "submits evidence for the first time to the Appeals
Council, which considers that evidence in denying review of the
ALJ's decision, the new evidence is part of the administrative
record, which the district court must consider in determining
whether the Commissioner's decision is supported by substantial
evidence."  *Brewes*, 682 F.3d 1157, 1159-60, 1162-63 (9th Cir.

2012).

   **B.   Analysis**

        On September 1, 2017, Plaintiff requested review of
the ALJ's decision by the Appeals Council.  Plaintiff also
submitted to the Appeals Council the August 25, 2017, medical
report of Dr. Thompson, one of Plaintiff's treating physicians.
Tr. 12-22.  In addition, on October 20, 2017, Plaintiff
submitted to the Appeals Council a copy of a Discharge
Application for the Department of Education completed by
Dr. Thompson on September 25, 2017, in which Plaintiff sought to
discharge her student loans based on her total and permanent
disability.  Tr. 8-11.  Plaintiff argues these records are
relevant to her disability claim.  Tr. 12.

        As noted, on February 9, 2018, the Appeals Council
denied Plaintiff's request for review and indicated there was
not any reason to review the ALJ's decision.  Tr. 1.  With
regard to the medical evidence submitted by Plaintiff, the
Appeals Council stated:  "The Administrative Law Judge decided
your case through December 31, 2014.  This additional evidence
does not relate to the period at issue.  Therefore, it does not
affect the decision about whether you were disabled beginning on
or before December 31, 2014."  Tr. 2.

In *Taylor v. Commissioner of Social Security Administration* the plaintiff proffered to the Appeals Council a psychiatric evaluation and medical-source statement that had not been submitted to the ALJ. 659 F.3d 1228, 1231 (9th Cir. 2011). The new evidence post-dated the ALJ's decision, but it was based on treatment that occurred during the relevant disability period. *Id.* The Appeals Council did not consider the evidence. The Ninth Circuit found because the evaluations concerned the plaintiff's limitations during the relevant period of disability, the Appeals Council should have considered the records. *Id.* at 1233. The Ninth Circuit held:

> Because [the doctor's] opinion concerned his assessment of [the plaintiff's] mental health since his alleged disability onset date in 1999, it related to the period before [the plaintiff's] disability insurance coverage expired in 2004, and before the ALJ's decision in 2006. Thus, [the physician's] opinion should have been considered. [Citation omitted]. Where Appeals Council was required to consider additional evidence, but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence.

*Id.*

In *Powell v. Colvin*, No. 6:14-cv-01900-SI, 2016 WL 706199, at *1 (D. Or. Feb. 22, 2016), the court relied on *Taylor* and found: "Although [the new materials] were dated after the

ALJ's decision, [the physician] indicated that he was able to infer that [claimant's] mental limitations existed at the present level dating back [two years prior to the ALJ's decision.]"  *Id.*  The court remanded the matter to the ALJ for consideration of the new evidence.  *Id.,* at *4-5.

Here Dr. Thompson states in her medical report she has been Plaintiff's treating rheumatologist since December 2011. Tr. 17.  Based on her diagnosis and treatment of Plaintiff from that time, Dr. Thompson stated in the report submitted by Plaintiff to the Appeals Council on September 1, 2017, that Plaintiff's limitations existed "continuously from September 2010," the alleged onset date of Plaintiff's disability. Tr. 21.  Thus, this Court concludes the records submitted by Plaintiff to the Appeals Council are relevant to the period of Plaintiff's disability claim of September 2010 through December 2014 and should be considered by the ALJ.

Based on this record and the holdings in *Taylor* and *Powell*, the Court concludes the additional evidence that Plaintiff submitted to the Appeals Council "relates to the period" of alleged disability even though the materials post-dated the ALJ's decision.  Although Dr. Thompson's August 2017 opinion was rendered after the relevant period, it was probative

because it was based on Dr. Thompson's treatment of Plaintiff
since 2011.  *See* Tr. 21.  Accordingly, the Court concludes the
ALJ should have the opportunity to consider the records
submitted to the Appeals Council when he re-evaluates whether
Plaintiff is disabled.


## REMAND

The Court must determine whether to remand this matter for
further proceedings or to remand for the calculation of
benefits.

The decision whether to remand for further proceedings or
for immediate payment of benefits generally turns on the likely
utility of further proceedings.  *Id.* at 1179.  The court may
"direct an award of benefits where the record has been fully
developed and where further administrative proceedings would
serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for
determining when evidence should be credited and an immediate
award of benefits directed."  *Harman v. Apfel*, 211 F.3d 1172,
1178 (9th Cir. 2000).  The court should grant an immediate award
of benefits when

> (1) the ALJ has failed to provide legally sufficient
> reasons for rejecting such evidence, (2) there are no

outstanding issues that must be resolved before a
determination of disability can be made, and (3) it is
clear from the record that the ALJ would be required
to find the claimant disabled were such evidence
credited.

*Id.* The second and third prongs of the test often merge into a

single question: Whether the ALJ would have to award benefits

if the case were remanded for further proceedings. *Id.* at 1178

n.2.

As noted, the Court concludes the ALJ failed to obtain and

to review records from Plaintiff's treating physicians that pre-

dated July 2012 and did not have the opportunity to review

Dr. Thompson's August 2017 report that was submitted to the

Appeals Council.

Accordingly, the Court concludes the ALJ must consider the

additional evidence on remand and weigh the treating physicians'

opinions in the sequential analysis required under Social

Security Regulations. 20 C.F.R. § 404.1520(a)(4). The Court,

therefore, remands this matter to the ALJ for further

administrative proceedings for the purpose of reevaluating

Plaintiff's alleged disability.

Although Plaintiff also contends the ALJ erred in his

evaluation of the testimony of Plaintiff and the lay witness when

the ALJ determined Plaintiff is not disabled, the Court finds it is

unnecessary to address these alleged errors in light of the fact that the ALJ will have to reconsider the record as a whole on remand, including the testimony of Plaintiff and the lay witness.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 2nd day of April, 2019.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge